**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

SHINELL GORDON,

    Plaintiff,
    v.

TPUSA, INC. d/b/a TELEPERFORMANCE
a foreign for-profit corporation,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, SHINELL GORDON ("Plaintiff") pursuant to 29 U.S.C. § 216(b) hereby files her Complaint for Damages and Demand for Jury Trial against Defendant, TPUSA, INC. d/b/a TELEPERFORMANCE (hereafter "Teleperformance" or "Defendant") and alleges the following:

**INTRODUCTION**

1. Defendant unlawfully deprived Plaintiff of overtime compensation during the course of her employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201–216, to recover all overtime wages that Defendant refused to pay Plaintiff during the past three (3) years.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant is and was a foreign for-profit corporation which regularly transacted business within Broward County, Florida, within the jurisdiction of this Honorable Court.

4. Defendant's principal place of business is located at 5292 S. Commerce Drive, Suite 600, Murray, Utah 84107.

5. Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

6. During all times material hereto, Defendant supervised Plaintiff's work on a daily basis, set Plaintiff's schedule, and had the authority to hire and fire employees, including Plaintiff.

7. During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices that pertained to Plaintiff.

## JURISDICTION AND VENUE

8. The acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

9. Defendant regularly conducts business and employs workers in Broward County, Florida. Therefore, jurisdiction is proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

10. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

11. Teleperformance is a publicly traded company that operates in 88 countries and serves 170 markets.

12. Defendant Teleperformance purports to employ 420,000 people worldwide. https://www.teleperformance.com (last visited March 31, 20222).

13. Defendant Teleperformance also purports to perform sales and customer support work for companies like Spectrum, Grubhub and Samsung. *Id.*

14. Plaintiff worked for Defendant Teleperformance as a non-exempt, hourly sales representative from in or around April 2021 until in or around July 2022.

15. Defendant paid Plaintiff $13.00 per hour.

16. During all times material hereto, Plaintiff regularly worked more than forty (40) hours per workweek.

17. During all times material hereto, Plaintiff received non-discretionary bonuses and commissions based upon her sales.

18. Plaintiff's primary duty as a sales representative was to answer inbound phone calls and sell internet services on behalf of Spectrum – one of Defendant's clients.

19. Plaintiff regularly spoke with and sold internet to customers throughout the United States.

20. At all times material hereto, Defendant had actual or constructive knowledge of work performed by Plaintiff. Indeed, when Plaintiff became aware that Defendant failed to pay her overtime wages in the beginning of her employment period, she asked Defendant why she did not receive proper overtime wages when her payroll records reflected that she worked more than 40 hours per week.

21. Defendant responded to Plaintiff's inquiry regarding overtime wages that "this is just how we operate."

22. Defendant therefore knew that Plaintiff was not receiving proper overtime wages and made no effort whatsoever to rectify these violations after having express notice from Plaintiff.

**FLSA COVERAGE**

23. Defendant is covered under the FLSA through enterprise coverage, as was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant's business and Plaintiff's work for Defendant affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

24. During her employment with Defendant, Plaintiff and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: cell phones, extension cords, pencils, pens, paper, tape, keyboards, computers, cables, stamps, markers, staplers, staples, invoices, cash, checks, masks, boxes, envelopes, hand sanitizer, head sets, etc.

25. Defendant also regularly employed two (2) or more employees for the relevant time period who handled the same or similar goods and materials handled by Plaintiff, making Defendant's business an enterprise covered by the FLSA.

26. Defendant grossed or did business in excess of $500,000.00 in the years 2019, 2020, 2021 and 2022.

27. During her employment with Defendant, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce and is therefore covered under the FLSA through individual coverage. More specifically, Plaintiff regularly and recurrently spoke with Defendant's customers who resided outside of the state of Florida and sold internet services to Defendant's customers outside of the state of Florida, giving rise to individual coverage under the FLSA.

28. During her employment with Defendant, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not have independent decision-making authority on matters of importance on behalf of Defendant; (iv) did not have hiring or firing authority or otherwise give input on hiring or firing; (v) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities; and (vi) was paid on an hourly basis.

29. During all material times hereto, Plaintiff was a non-exempt, hourly employee of Defendant, within the meaning of the FLSA.

30. As a result of Defendant's intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of her claims.

### **COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207**

31. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 30 as though set forth fully herein.

32. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

33. Defendant refused to pay Plaintiff one-and-one-half times her regular hourly rate for some hours of work over forty (40) in one or more weeks of her employment.

34. Defendant also failed to properly calculate Plaintiff's proper overtime wage rate when she worked more than forty (40) hours in a workweek and received non-discretionary bonuses and commissions.

35. Plaintiff therefore claims the applicable federal overtime wage rate for all weekly hours worked over forty (40) during her employment period.

36. Defendant willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

37. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

38. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, SHINELL GORDON, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, TPUSA, INC., and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, SHINELL GORDON, demands a trial by jury on all appropriate claims.

**Date: April 19, 2022.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Jake@jordanrichardspllc.com
Catherine@usaemploymentlawyers.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on April 19, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## **SERVICE LIST:**