## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND FULL AND FINAL GENERAL RELEASE

**IN CONSIDERATION** of the agreements set forth below, and to avoid further time, expense and effort associated with any and all litigation or other proceedings between Shinell Gordon (the "Plaintiff"), and TPUSA, Inc. ("Defendant") ("Plaintiff" and "Defendant" are collectively the "Parties"), the Parties enter into this Confidential Settlement Agreement and Full and Final General Release (the "Agreement") and agree as follows:

1.     Intent of the Parties.  The Plaintiff filed a lawsuit styled *Shinell Gordon v. TPUSA, Inc.*, Case No.: 0:22-cv-60755, in the United States District Court for the Southern District of Florida (the "Action") in which she advances claims under the Fair Labor Standards Act ("FLSA"). The Parties desire fully and finally to resolve the Action, and all other claims or disputes, whether known or unknown, accrued or unaccrued, that have been made or could have been made by or on behalf of the Plaintiff against the Defendant relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed.

2.     Payment to Plaintiff.  In consideration for the promises made herein and in full and final settlement and in satisfaction of any and all claims Plaintiff has or had against Defendant, Defendant shall pay the Plaintiff the underline total gross sum of Two Thousand Four Hundred AND 00/100 DOLLARS **($2,400.00)** (the "Settlement Proceeds").  At the instruction of the Plaintiff, the Parties agree that the Settlement Proceeds will be distributed as follows:

   a.   A check in the amount of Two Hundred and 00/100 Dollars **($200.00),** minus applicable payroll withholdings, made payable to the Plaintiff, representing payment in full of Plaintiff's alleged unpaid wages, for which Defendant will issue Plaintiff an IRS Form W-2;

   b.   A check in the amount of Two Hundred and 00/100 Dollars **($200.00)** made payable to the Plaintiff, representing payment in full, of Plaintiff's alleged liquidated damages, for which Defendant will issue Plaintiff an IRS Form 1099;

   c.   A check in the amount of Two Thousand and 00/100 Dollars **($2,000.00)** made payable to Jordan Richards, PLLC, as final payment of all of Plaintiff's attorneys' fees, paralegals' fees and costs incurred in the prosecution of this Action, for which Defendant will issue an IRS Form 1099.

   The Settlement Proceeds as outlined in paragraphs 2 (a) through (c) above shall be delivered to Plaintiff's counsel, Jake Blumstein, at the Law Offices of Jordan Richards, PLLC, 1800 Southeast 10th Avenue, Suite 205, Fort Lauderdale, Florida 33316, within ten (10) days after the Court's Dismissal with Prejudice of the Action as contemplated by paragraph 5 below and Defendant's receipt of a copy of an IRS Form W-9 signed by Plaintiff and an IRS Form W-9 signed by Plaintiff's counsel.  The Plaintiff understands that the Settlement Proceeds referenced in paragraph 2(a) are subject to applicable payroll withholding deductions.  The Settlement Proceeds paid to Plaintiff are in full settlement of any and all claims and monies Plaintiff claims to be entitled to from the Defendant, including but not limited to, claims for minimum wage compensation,

Plaintiff's Initials  *SG*                                           Defendant's Initials  *AL*

overtime compensation, liquidated and compensatory damages, punitive damages, and/or attorneys' fees, paralegals' fees and costs.

      3.   <u>General Release By Plaintiff</u>.  In exchange for the Settlement Proceeds described in paragraph 2 above, Plaintiff, for herself, her heirs, attorneys, representatives, executors, administrators, successors and assigns, releases and gives up any and all claims and rights that Plaintiff may have against Defendant, and to the extent applicable, its past, current, and future shareholders, principals, parent companies, related companies, predecessor companies, subsidiaries, divisions and affiliates, affiliated agencies, directors, officers, employees, insurers, agents and attorneys (collectively "Releasees").  This releases all claims, including those of which Plaintiff is not aware and those not specifically mentioned in this Agreement, regardless of whether such claims are known or unknown, asserted and unasserted, suspected or unsuspected, accrued or not yet accrued.  This Agreement applies to all claims resulting from anything that has happened up through the execution of this Agreement.  The Plaintiff understands that this Agreement and incorporated general release does not waive rights or claims that may arise after the date that this Agreement is executed.  Without limiting the generality of the foregoing, Plaintiff specifically releases all claims relating to: (i) Plaintiff's employment by Defendant, the terms and conditions of such employment and/or employee benefits related to Plaintiff's employment; (ii) any and all claims of discrimination, harassment, whistle-blowing or retaliation in employment (whether based on federal, state or local law, statutory or decisional), including without limitation, all claims under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"); the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 621 *et seq.*; the Worker's Adjustment and Retraining Notification Act ("WARN"); Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); the Pregnancy Discrimination Act ("PDA"); the Americans with Disabilities Act ("ADA"); the Rehabilitation Act ("Rehab Act"); the Civil Rights Act of 1991; the Reconstruction Era Civil Rights Act of 1866; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Equal Pay Act ("EPA"); the Sarbanes-Oxley Act of 2002 ("SOX"); the Fair Labor Standards Act ("FLSA"); the Family and Medical Leave Act ("FMLA"); the Fair Credit Reporting Act ("FCRA"); the Employee Retirement Income Security Act ("ERISA"); Sections 503 and 504 of the Rehabilitation Act of 1973; the Occupational Safety and Health Act ("OSHA"); the National Labor Relations Act ("NLRA"); the Health Maintenance Organization Act of 1973; the Immigration Reform and Control Act, as amended; the Labor Management Relations Act of 1947, as amended; the Consolidated Omnibus Budget Reconciliation Act ("COBRA"); the Florida Civil Rights Act of 1992 f/k/a Human Rights Act of 1977 Fla. Stat. § 760.01 *et. seq.* ("FCRA"); the Florida Private Sector Whistle-Blower Act (Fla. Stat. § 448.101-.105), including any claim for wrongful and retaliatory conduct in violation of Fla. Stat. § 448.103; Fla. Stat. § 448.08; Florida's Wage Rate Provisions, § 448.07, Florida Statutes; the Florida Minimum Wage Law, as amended; the Florida Equal Pay Act, Section 725.07, Florida Statutes, as amended; and Section 440.205, Florida Statutes; (iii) any and all claims for wrongful discharge; (iv) any and all claims for damages of any kind whatsoever, including without limitation compensatory, punitive, treble, liquidated and/or consequential damages; (v) any and all claims under any contract, whether express or implied; (vi) any and all claims for unintentional or intentional torts (including, but not limited to, defamation), emotional distress and for pain and suffering; (vii) any and all claims for violation of any statutory or administrative rules, regulations, common laws or codes; and, (viii) any and all claims for attorneys' fees, paralegals' fees, costs, disbursements, wages, bonuses, benefits, vacation and/or the like.  Plaintiff represents that Plaintiff knows of no claim that Plaintiff has

Plaintiff's Initials    SG                          Defendant's Initials

against the Releasees that has not been released by this paragraph. Plaintiff understands and agrees that this Agreement is binding on Plaintiff and on anyone who succeeds to the Plaintiff's rights.

4.      <u>Taxes</u>.  Plaintiff agrees that, with the exception of the withholdings made under paragraph 2(a) above, the Plaintiff shall be solely responsible for the payment of any federal, state and/or local income and/or employment taxes and any F.I.C.A. payments or other payments which may be required to be paid on account of any portion of the Settlement Proceeds. Plaintiff agrees that any and all liability of any kind incurred by Releasees due to the payment of the Settlement Proceeds will be borne solely by the Plaintiff. Plaintiff further covenants and agrees that the Plaintiff will hold harmless and indemnify the Releasees, in either their representative or individual capacities, against any tax assessments or other penalties which may be made against the Defendant or any other enumerated individual or entity herein, with respect to any portion of the Settlement Proceeds and understands and agrees that any necessary tax documentation, such as IRS Form W-2's and 1099's, may be filed by the Defendant with regard to monies paid under this Agreement. The Plaintiff and the Defendant acknowledge that nothing herein shall constitute tax advice to the other party.

5.      <u>Dismissal of Claims</u>.  To the extent necessary, within five (5) business days of executing this Agreement, the Parties agree to jointly seek Court approval of this Agreement and dismissal, with prejudice, of the Action. Counsel for Plaintiff agrees to execute and file any further papers necessary to ensure that the Agreement is approved and the Action dismissed. It is expressly understood that Defendant's obligation to pay the Settlement Proceeds is contingent upon the Court entering an order approving this Agreement and dismissing the Action with prejudice.

6.      <u>Confidentiality of Agreement</u>.  Except as outlined in paragraph 9 below, the Plaintiff agrees to keep this Agreement confidential, and not to disclose at any time in the future its existence or any of its terms, except: (i) as may be required by law; (ii) to the Plaintiff's immediate family members, attorneys and/or tax and financial advisors, provided that the individual first agrees to keep this information confidential; or, (iii) as required by the Court for purposes of filing a Joint Motion for Approval of Settlement and Stipulation for Dismissal with Prejudice and Proposed Order thereon. The Plaintiff acknowledges and agrees that any other disclosure regarding or discussing the terms of this Agreement would constitute a material breach of the Agreement. The Parties acknowledge and agree that they are not waiving or breaching this provision by filing with the Court in this Action a Joint Motion for Approval of Settlement and Stipulation for Dismissal with Prejudice and Proposed Order thereon.

7.      <u>Non-Disparagement</u>.  The Plaintiff agrees and warrants that at no time in the future will the Plaintiff make any statements (orally or in writing, including, without limitation, whether in fiction or nonfiction) or take any actions that in any way disparage or defame any of the Releasees, or in any way, directly or indirectly, cause or encourage the making of such statements, or the taking of such actions by anyone else, including but not limited to other current or former employees of Defendant (except as outlined in paragraph 9 below). The Plaintiff acknowledges that any incitement of others to defame any of the Releasees would constitute a material breach of this Agreement (except as outlined in paragraph 9 below). In the event such a communication is

Plaintiff's Initials 

Defendant's Initials

made to anyone, including but not limited to, the media, public interest groups and publishing companies, it will be considered a material breach of the terms of this Agreement.

8.    Incitement of Claims.  The Plaintiff also agrees that Plaintiff will not encourage or incite any person including, but not limited to, other current or former employees of Defendant to disparage (except as outlined in paragraph 9 below) or assert any complaint or claim in federal or state court against Defendant.  Plaintiff acknowledges that any incitement of others to file such claims would constitute a material breach of this Agreement.  Further, Plaintiff warrants and represents that Plaintiff is unaware of any other person who may have a claim or cause of action against Defendant for any reason.  In the event such encouragement or incitement is provided by Plaintiff to anyone, it will be considered a material breach of the terms of this Agreement.

9.    Non-Interference.  Nothing in this Agreement shall interfere with the Plaintiff's right to file a charge or to cooperate or participate in an investigation or proceeding conducted by any federal or state regulatory or law enforcement agency.  However, the consideration provided to the Plaintiff in this Agreement shall be the sole relief provided to the Plaintiff for the claims that are released by the Plaintiff herein and Plaintiff will not be entitled to recover and agrees to waive any monetary benefits or recovery against the Releasees in connection with any such claim, charge or proceeding without regard to who has brought such claim, charge or proceeding.

10.    No Charges or Claims Filed.  The Plaintiff represents and warrants that Plaintiff has not filed any claims or causes of action against any the Releasees, including but not limited to any charges of discrimination, harassment or retaliation with any federal, state or local agency or court, with the exception of the Complaint that is the subject matter of this Action, which Complaint is fully resolved by this Agreement.  Plaintiff's representation to same constitutes a material inducement for Defendant entering into this Agreement.

11.    Neutral Reference.  The Parties agree that Defendant will respond to reference inquiries regarding the Plaintiff by providing Plaintiff's dates of employment, last position held and last rate of pay.  Plaintiff agrees and acknowledges that all requests for references must be directed to Defendant's Human Resources Department and that Defendant is not responsible for information solicited from any other source.

12.    No Future Employment.  The Plaintiff acknowledges that because of circumstances unique to the Plaintiff, including, but not limited to, irreconcilable differences with the Defendant, the Plaintiff is not qualified for any position with the Defendant and, therefore, the Plaintiff shall not apply in the future for employment with the Defendant.  The Plaintiff acknowledges that if the Plaintiff does seek reemployment with the Defendant or a related entity, failure to hire the Plaintiff, withdrawal of an offer of employment to the Plaintiff, or if already employed, termination of the Plaintiff's employment without notice or cause, will not constitute retaliation or discrimination and the Plaintiff will have no legal recourse against the Defendant for such acts.

13.    Sufficiency of Consideration.  Plaintiff agrees that the Settlement Proceeds referenced in paragraph 2 are paid in exchange for, and constitute good and valuable consideration for Plaintiff's execution of this Agreement and exceed anything otherwise owed to the Plaintiff. The Parties also agree that Plaintiff is being payed in excess of what she alleges to be owed in

Plaintiff's Initials  SG                                              Defendant's Initials

DocuSign Envelope ID: 6912EA74-22A4-4B69-86AB-D519A75267C4

overtime wages and liquidated damages. Subject to paragraph 17, if a Court of competent jurisdiction determines that the terms of this Agreement are not valid and/or enforceable, or should the court fail to approve the settlement as provided by this Agreement, Plaintiff agrees that the Defendant's obligations under this Agreement are null and void and the Plaintiff shall return to the Defendant all amounts paid to Plaintiff under this Agreement.  Further, Plaintiff acknowledges and agrees that Plaintiff is not otherwise entitled to the amounts set forth in paragraph 2 and that no further compensation or benefits or other monies of any kind are owed to Plaintiff by the Defendant.  However, nothing in this paragraph is intended nor shall be construed to interfere with any contrary rights under the ADEA.

14.    <u>Plaintiff's Acknowledgment</u>. The Plaintiff acknowledges that the Plaintiff has been afforded the opportunity to consider the terms of this Agreement for a period of seven (7) days prior to its execution, and has been advised in writing to consult with an attorney of her choosing before signing this Agreement and the incorporated general release and has done so.  Plaintiff acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that Plaintiff enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein.  Plaintiff acknowledges and represents that Plaintiff assumes the risk for any mistake of fact now known or unknown, has the capacity to enter into this Agreement and that Plaintiff understands and acknowledges the significance and consequences of this Agreement. Plaintiff further acknowledges that she has read this Agreement in its entirety, that she fully understands all of its terms and their significance, and that she has signed it voluntarily and of her own free will.  Moreover, Plaintiff acknowledges that there has been no undue influence, overreaching, collusion or intimidation in connection with this Agreement.

Plaintiff further affirms that she has reported all hours worked as of the date of this Agreement and has been paid for and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which Plaintiff may be entitled from the Defendant or any of the Releasees and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to her, except as provided in this Agreement. Plaintiff furthermore affirms that she has no known workplace injuries or occupational diseases. Moreover, Plaintiff affirms that she has been provided and/or has not been denied any leave requested under the Family Medical Leave Act.

15.    <u>Breach</u>.  The Plaintiff acknowledges that if Plaintiff materially breaches or threatens to materially breach this Agreement, discloses, sells, transfers and/or uses the Defendant's proprietary and/or confidential information, breaches the confidentiality and non-disparagement provisions of this Agreement and/or commences a suit, action, proceeding or complaint in contravention of this Agreement and waiver of claims, Defendant's obligations to pay the monies and/or provide the benefits referred to above shall immediately cease and Defendant shall be entitled to all other remedies allowed in law or equity, including but not limited to the return of any payments made to the Plaintiff under this Agreement.  Further, nothing in this Agreement shall prevent the Defendant from pursuing an injunction to enforce the provisions of paragraphs 6 and 7 above.  Nothing in this paragraph is intended to nor shall be construed to interfere with any contrary rights under the ADEA.

Plaintiff's Initials                                                                                       Defendant's Initials

64853440;1

16.    <u>Non-admission</u>.  The Parties understand that the Settlement Proceeds and other matters agreed to herein are not to be construed as an admission of, or evidence of liability for any violation of the law, willful or otherwise by any entity or any person.  The Defendant specifically denies any liability to Plaintiff, and further denies that Plaintiff was owed any unpaid minimum wage, overtime compensation or other compensation. Plaintiff specifically recognizes that she is <u>not</u> the prevailing party in this action and is not entitled to recover attorneys' fees and/or costs, except as provided by this Agreement.

17.    <u>Severability</u>.  If any provisions in this Agreement are held by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions shall nevertheless continue in full force without being impaired or invalidated in any way.

18.    <u>Complete Agreement</u>. The Parties agree that this Agreement sets forth all the promises and agreements between them and supersedes all prior and contemporaneous agreements, understandings, inducements or conditions, expressed or implied, oral or written, except as herein contained.

19.    <u>Binding Effect</u>.  This Agreement shall be binding upon and shall inure to the benefit of the Parties' representatives, agents, successors, assigns, heirs, attorneys, affiliates, and predecessors.

20.    <u>Enforcement</u>.  If either party breaches this Agreement, or any dispute arises out of or relating to this Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees, paralegals' fees and costs, at all levels.  In the event of any litigation arising out of this Agreement, the exclusive venue shall be in Broward County, Florida and shall be governed by the laws of the State of Florida, except where the application of federal law applies, and without regard to its choice of law principals, and shall be decided by a judge, not a jury.   THE PARTIES SPECIFICALLY WAIVE THEIR RIGHT TO A TRIAL BY JURY.   Nothing in this paragraph is intended to nor shall be construed to interfere with any contrary rights under the ADEA.

21.    <u>Transfer of Claims</u>.  The Plaintiff represents and warrants that Plaintiff has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any claims released herein.  The Plaintiff agrees to indemnify and hold the Releasees harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees, at all levels), causes of action or judgments based on or arising out of any such assignment or transfer.  The Plaintiff further warrants that there is nothing that would prohibit Plaintiff from entering into this Agreement.

22.    <u>Execution of Necessary Documents</u>.  Each party shall, upon the request of the other, execute and re-execute, acknowledge and deliver this Agreement and any and all papers or documents or other instruments, as may be reasonably necessary to implement the terms hereof with any formalities as may be required and, otherwise, shall cooperate to fulfill the terms hereof and enable the other party to effectuate any of the provisions of this Agreement.

Plaintiff's Initials                                                     Defendant's Initials

64853440;1

DocuSign Envelope ID: 6912EA74-22A4-4B69-96AB-D519A75267C4

23.    <u>No Waiver/All Rights Are Cumulative</u>.  No waiver of any breach or other rights under this Agreement shall be deemed a waiver unless the acknowledgment of the waiver is in writing executed by the party committing the waiver.  No waiver shall be deemed to be a waiver of any subsequent breach or rights.  All rights are cumulative under this Agreement.

24.    <u>Headings</u>.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

25.    <u>Facsimile and Counterparts</u>.  This Agreement may be executed in several counterparts and by facsimile or DocuSign and all so executed shall constitute one Agreement, binding on all the Parties hereto, notwithstanding that the Parties are not signatories to the original or same counterpart.

26.    <u>Construction</u>.  The Parties expressly acknowledge that they have had equal opportunity to negotiate the terms of this Agreement and that this Agreement shall not be construed against the drafter.

THIS IS A LEGAL DOCUMENT -- READ CAREFULLY BEFORE SIGNING.

**IN WITNESS WHEREOF**, Plaintiff and Defendant have executed this Agreement.

**PLAINTIFF:**

DATED: _7/25/2022_____          *Shinell GORDON*
                                        17C574EDF6044F3...
                                        SHINELL GORDON

**DEFENDANT:**

TPUSA, Inc.

DATED: _7/29/2022_____          *Akash Khandelwal*
                                        8614B13A463741B...
                                        By: _____
                                        As its: _____

Plaintiff's Initials                     Defendant's Initials

64853440;1